# UNITED STATES COURT OF INTERNATIONAL TRADE

| *In Re* Section 301 Cases | Court No. 21-cv-00052-3JP |
|---|---|

**Standard Procedural Order 21-04**

Upon consideration of Plaintiffs' Coordinated Proposal in Response to Standard Procedural Order 21-02, ECF No. 260; Defendants' Response to Plaintiffs' Proposal in Response to Standard Procedural Order 21-02 ("Defs.' Resp."), ECF No. 265; and all other papers and proceedings herein, the court hereby issues the following orders:

**Sample Case**

**ORDERED** that *HMTX Industries LLC, et al. v. United States, et al.*, Court No. 20-cv-00177 (CIT), shall serve as the sample case for purposes of the court's initial consideration and resolution of Plaintiffs' claims.

**Other Cases Stayed**

**ORDERED** that all other Section 301 Cases (as defined in Standard Procedural Order 21-01, ECF No. 1, and, as noted therein, inclusive of similar cases subsequently assigned to this panel) are hereby stayed; and it is further

**ORDERED** that any party seeking to lift the stay on any Section 301 Case must consult with the other parties to that case and with the Steering Committee at least three days in advance of filing a motion with this court to lift the stay. The moving party

must provide good cause for the court to depart from the case management procedures provided in these Standard Procedural Orders.

**Steering Committee**

**ORDERED** that the court appoints a Plaintiffs' Steering Committee, with responsibilities as prescribed in Standard Procedural Order 21-02, consisting of the following:

| | **Counsel** | **Firm** |
|---|---|---|
| 1. | Matthew R. Nicely | Akin Gump Strauss Hauer & Feld LLP (DC) |
| 2. | Chunlian Yang | Alston & Bird LLP (DC) |
| 3. | Lawrence M. Friedman | Barnes, Richardson & Colburn LLP (Chicago) |
| 4. | Dan Cannistra | Crowell & Moring LLP (DC) |
| 5. | Randy Rucker | Faegre Drinker Biddle & Reath LLP (Chicago) |
| 6. | Gregory Husisian | Foley & Lardner LLP (DC) |
| 7. | Joseph M. Spraragen | Grunfeld Desiderio Lebowitz Silverman & Klestadt LLP (NY) |
| 8. | Chandri Navarro | Hogan Lovells US LLP (DC) |
| 9. | Nithya Nagarajan | Husch Blackwell LLP (DC) |
| 10. | George Tuttle, III | Law Offices of George R. Tuttle, APC (San Francisco) |
| 11. | Kristin H. Mowry | Mowry & Grimson PLLC (DC) |
| 12. | Richard F. O'Neill | Neville Peterson LLP (Seattle) |
| 13. | Shannon Fura | Page Fura P.C. (Chicago) |
| 14. | Michael Roll | Roll & Harris LLP (LA) |
| 15. | Patrick Gill | Sandler, Travis & Rosenberg P.A. (NY) |

Akin Gump Strauss Hauer & Feld LLP, of Washington, DC, shall serve as the point of contact for the Steering Committee such that the court and Defendants may coordinate any communication with the Steering Committee through Akin Gump.

**Joint Status Report**

**ORDERED** that the Steering Committee and Defendants shall consult regarding the submission of a joint status report. The joint status report must include a proposed briefing schedule substantially in accordance with the guidance provided in Standard Procedural Order 21-02.

The joint status report also must identify any additional issues requiring early case management intervention and include a joint proposal for addressing any such issues to the extent possible. If the Steering Committee and Defendants are unable to agree on a proposal, the status report should identify the position of each side and the basis for any disagreement. Any such issues may form the basis for an agenda to be addressed at a status conference with the court.

The joint status report is due no later than April 12, 2021. If a conference is necessary, the court will contact the Steering Committee and Defendants to schedule the status conference, to be held via videoconference.

**Issues Regarding Relief**

The court is aware that questions regarding the scope of relief available to the Plaintiffs remain of concern to Plaintiffs and that Defendants hold the view that Plaintiffs

are seeking an advisory opinion from the court. Defs.' Resp. at 3. Defendants are declining to "enter into a stipulation concerning the relevant law that would apply to plaintiffs' request for a remedy, as . . . it is for the Court, not the parties, to determine the law that governs requests for relief." Defs.' Resp. at 4.

There is no motion pending before the court regarding relief and the court will not issue an advisory opinion on the matter of relief. Moreover, while Defendants decline to enter into a stipulation, they have not identified an actual disagreement with Plaintiffs regarding relief that the court may ultimately need to resolve. Nevertheless, the court is clear-eyed regarding its role in managing the extensive number of Section 301 Cases and the challenges and importance of providing timely, effective, and administrable relief should Plaintiffs establish their right to such relief. Therefore, the Steering Committee and Defendants must continue their consultations, including discussion of the liquidation status, protest status, etc., of the entries in dispute in an effort to identify areas of agreement and the extent of any disagreement with respect to relief. Should Plaintiffs determine to seek one or more injunctions in order to preserve any access to relief, while the court will determine whether the basis for any such injunction(s) exist, the Parties must work together constructively to draft proposed language that would effectuate such injunction(s) in the most administratively efficient manner both for the court and for the relevant agencies.

Consequently, the Steering Committee and Defendants are **ORDERED** to address, in the joint status report, any issues regarding relief upon which they agree and identify areas of disagreement, including the basis for such disagreement.

Dated: March 31, 2021
New York, New York

/s/ Mark A. Barnett
Judge Mark A. Barnett

/s/ Claire R. Kelly
Judge Claire R. Kelly

/s/ Jennifer Choe-Groves
Judge Jennifer Choe-Groves